IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DJ MANUFACTURING CORP.      *
                            *
    Plaintiff               *
                            *    Civil No. 97-1457(SEC)
    v.                      *
                            *    ANTITRUST, DAMAGES
TEX-SHIELD, INC., et. al.   *
                            *
    Defendants              *
*************************************

## OPINION AND ORDER

Pending before the Court are defendant Tex-Shield, Inc.'s "Motion to Correct Clerical Error" **(Docket #57)** and "Motion for an Order Enforcing Partial Judgement, etc." **(Docket #58)**, along with plaintiff DJ Manufacturing Corp.'s opposition to both motions **(Docket #66)**. According to the factors discussed below, the Court **DENIES** Tex-Shield's motion to correct clerical error **(Docket #57)** and Tex-Shield's motion for enforcement of judgement **(Docket #58)**.

**Procedural Facts**

On August 26, 1999, this Court entered a partial judgement approving the arbitral award favoring defendant Tex-Shield, Inc. (hereinafter "Tex-Shield") **(Docket #41)**. Through this judgement, the Court ordered plaintiff DJ Manufacturing Corporation (hereinafter "DJM") to pay Tex-Shield the amount awarded in arbitration, along with interest accrued until the entry of the court's judgement confirming the award. Since then, there has been a controversy among the parties regarding the effect of the court's order and partial judgement of August 26, 1999. While Tex-Shield is attempting to collect the total amount of the partial judgement (See **Docket #58**), plaintiff DJM opposes the judgement's enforcement alleging that the Court did not grant certification pursuant to Fed.R.Civ.P. 54(b) **(Docket #66)**.

**Civil No. 97-1457(SEC)** 2
---

In support of its motion to collect the partial judgement, Tex-Shield alleges that if enforcement is not accorded, then the Court should order DJM to post a bond or otherwise guarantee the partial judgement's eventual satisfaction pursuant to Fed.R.Civ.P. 64 and P.R.R.Civ.P. 56.1. Finally, Tex-Shield moved to amend *nunc pro tunc* the order of August 26, 1999, alleging that a clerical mistake was made in regards to the computation of interest accrued from the date of the arbitral award until the date of the partial judgement confirming it **(Docket #58)**.

**Analysis of Applicable Law**

The issue now before the Court concerns the effect of a partial judgement that is not "final" within the meaning of Fed.R.Civ.P. 54(b).[1] In this regard, the Courts have stated: "Rule 54(b) allows the entry of judgement, and thus an appeal, on one or more, but fewer than all the claims, in a multi-claim action. It is an exception from the traditional rule against piecemeal disposal of litigation." Pahla VI v. PalanDJMian, 744 F.2d 902, 903 (1st Cir. 1984); Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988); See also Director, O.W.C.P. v. Bath Iron Works Corp., 853 F.2d 11, 16 (1st Cir. 1988). The instant effect of granting Rule 54(b) certification is that it makes a partial judgement that disposes only of some claims or parties in a civil suit, final and appealable in regards to such claims or parties in said civil suit. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2660.

---

[1] Fed.R.Civ.P. 54(b) provides that:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

AO 72A
(Rev. 8/82)

**Civil No. 97-1457(SEC)**                                                                                                   3

In addition, "the entry of [] judgement under Rule 54(b)... enables a lien to be imposed on the judgement debtor's property and a writ of execution to be issued to begin the process of collecting any DJMage award... Another effect of a Rule 54(b) order is on the accrual of interest on a judgement, since interest begins to accumulate only on a judgement that has become final." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2661, at p. 155-156; See also Explosives Corp. of America v. Garlam Ent. Corp., 817 F.2d 894, 903-904 (1st Cir. 1987) (affirming that post-judgement interest begins to accrue only after the entry of a final judgement).

However, in the case at bar the Court expressly denied Rule 54(b) certification to the Partial Judgement entered on August 26, 1999 **(Dockets # 40 and 41)**.[2] In this regard, Fed.R.Civ.P. 54(b) provides that:

> In the absence of [an express determination from the Court that there is no just reason for delay and an express direction for the entry of judgement], **any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgement adjudicating all the claims and the rights and liabilities of all the parties.**

Fed.R.Civ.P. 54(b).

Therefore, as indicated by Fed.R.Civ.P. 54(b), the Court's "Partial Judgment" of August 26, 1999 is interlocutory in character and "subject to revision at any time prior to the entry of a final judgment adjudicating the entire action." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2660, at p. 141. The effect of the Court's Partial Judgment of August 26, 1999 (Docket

---

[2] The Court expressly affirmed that: "Upon review of the facts and the equities of this case, the Court finds that entry of judgment pursuant to 54(b) would be inappropriate. An entry of judgment confirming the arbitration award would dispose of some claims pending against the defendant DJM, but it would not dispose of several claims that were severed form the arbitrable claims." (Opinion and Order of August 29, 1999 at p. 7, Docket #40).

AO 72A
(Rev. 8/82)

**Civil No. 97-1457(SEC)**                                                                                                     4

#41) was to confirm the arbitration award, but not to grant finality to this award in the sense that there are claims pending against Tex-Shield that could offset the amount it was awarded through arbitration. As the Court noted in its Opinion and Order of August 26, 1999 (Docket #40 at p. 4): "Tex-Shield now seeks to enforce such arbitration award, and requests the entry of partial judgment under Fed.R.Civ.P. 54(b)... Upon review of the parties' arguments and the applicable law, the Court will grant Tex-Shield's motion to confirm the arbitration award, but it declines to enter partial judgment pursuant to Fed.R.Civ.P. 54(b)."

If Tex-Shield's interest in collecting the amount of the arbitral award at this juncture is premised upon a need to guarantee the eventual satisfaction of the partial judgment entered on its behalf, then the adequate procedural resource is Fed.R.Civ.P. 64, which provides in the pertinent part that:

> **At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgement ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the stat in which the district court is held...** The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

Fed.R.Civ.P. 64. Defendant/movant Tex-Shield invokes P.R.R.Civ.P. 56.1[3] and <u>HMG Property Investors v. Parque Indus. Rio Canas</u>, 847 F.2d 908 (1st Cir. 1988), for the proposition that the Court

---

[3] P.R.R.Civ.P. 56.1 provides that: "In every action, before or after entering judgment, and on motion of claimant, the court may issue any provisional order it may deem necessary to secure satisfaction of the judgment. The Court may order the attachment, garnishment, the prohibition to alienate, claim and delivery of personal property, receivership, an order to do or to desist from doing any specific act, or it may order any other measure it deems necessary, according to the circumstances of the case. In every case in which a provisional remedy is sought, the court shall consider the interests of all the parties and shall adjudicate as substantial justice may require."

**Civil No. 97-1457(SEC)**                                                                 5

is empowered to "enter an order requiring DJM to post a bond in the amount of $583,416 plus prejudgement and post-judgement interest to date." (Def. Tex-Shield's motion for an order enforcing partial judgement, Docket #58 at p.6). Tex-Shield alleges in support of this request that DJM has consistently manifested an inability to pay, and that it is in a difficult financial situation. The Court finds that these allegations alone, are insufficient to order plaintiff DJM to post a bond. The Court notes that the particular circumstances present in HMG Property Investors, Id., warranted that a bond be posted to secure the payment of a property tax, because according to the applicable state law, a preferred lien attached in favor of the government if the property tax was not paid in time. The required bond intended to preserve the rank and preference of plaintiff's mortgage on defendant/mortgagor's property. The circumstances in the case at bar are different. Defendant Tex-Shield is simply looking for a way to guarantee the eventual satisfaction of a judgment. In these circumstances, the Court must follow P.R.R.Civ.P. 56.2, which states that: "No provisional remedy shall be granted, modified, set aside, nor shall any action be taken thereon without notice upon the adverse party and a hearing, except as provided in Rules 56.4 and 56.5 [regarding attachment, prohibition to alienate, and order to do or desist from doing]." P.R.R.Civ.P. 56.2, P.R. Laws Ann. tit. 32, App. III, R. 56.2; See also In the matter of Unanue-Casal, 144 B.R. 604, 608 (D.P.R. 1992). However, "reference to a 'hearing' does not necessarily imply oral argument; a matter can be 'heard' on the papers", HMG Property Investors, 847 F.2d at 914, citing Spark v. Catholic University of America, 510 F.2d 1277, 1280 (D.C.Cir. 1975).

> The notice and hearing requirements contained in Rule 56.2 can be met short of taking evidence in open court. The standards exist to ensure that, before a provisional remedy issues, the parties will have an opportunity to present relevant facts and arguments so the judge can 'consider the interests of all the parties and... adjudicate as substantial justice may require.' To be meaningful, such an opportunity

**Civil No. 97-1457(SEC)** 6

requires notice and a fair chance to marshal supporting facts and theories—nothing more.

HMG Property Investors v. Parque Indus. Rio Canas, 847 F.2d 908, 914-915 (1st Cir. 1988).

In this case, the Court finds that the equities of the case demonstrate that there are claims pending against Tex-Shield that could offset the amount it may ultimately be entitled to recover based on the arbitral award, including the possibility of no recovery at all. This was one of the principal factors considered by the Court when it denied R. 54(b) certification to its Partial Judgment of August 26, 1999 (Docket #41). Tex-Shield did not address this issue properly on its motion to request a bond and therefore, the Court finds that an order for DJM to post a bond on Tex-Shield's behalf is not warranted at this point. Therefore, Tex-Shield's motion to require DJM to post a bond on its behalf **(Docket #58)** is **DENIED**.

In addition, Tex-Shield's motion to correct a clerical error regarding prejudgment interest **(Docket #57)** is **DENIED**, since the Court finds it premature in light of this Opinion and Order.

**SO ORDERED.**

In San Juan, Puerto Rico, this __14__ day of February, 2000.

SALVADOR E. CASELLAS
United States District Judge