IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------x
DJ MANUFACTURING CORPORATION, :
                                :
                Plaintiff,      :  CIVIL NO. 97-1457 (JAG)
                                :
       vs.                      :
                                :
TEX-SHIELD, INC.;               :
XYZ INSURANCE COMPANIES,        :
                                :
                Defendants.     :
-------------------------------------------------------x
```

## URGENT MOTION TO COMPEL DEPOSITION
## IN AID OF EXECUTION OF JUDGMENT, AND FOR SANCTIONS

TO THE HONORABLE COURT:

COMES NOW DEFENDANT Tex-Shield, Inc. ("Tex-Shield") through its undersigned counsel and respectfully alleges, states and prays:

Tex-Shield has been attempting to collect on an arbitration award issued against plaintiff D.J. Manufacturing Corporation ("D.J.") more than five years ago, only to be met with baseless claims asserted by D.J. in an effort to avoid collection. All of D.J's claims have now been dismissed. A final judgment ordering payment of the award was issued against D.J. fifty-three days ago, and D.J. did not appeal that judgment within the statutory period. However, D.J. brazenly refuses to comply with Tex-Shield's deposition and document discovery in aid of collection, as part of the same campaign of delay and avoidance. This motion seeks urgent assistance from this Court to put an end to D.J.'s unjustified refusal to allow Tex-Shield to discover where D.J.'s assets are located.

In 1999, Tex-Shield moved for confirmation of an arbitration award issued in its favor and against D.J. (the "Award"). On August 26, 1999, this Court issued a Partial Judgment confirming the Award and granting Tex-Shield's request for pre-judgment interest, but upon D.J.'s opposition, it did not enter final judgment because of the pendency of certain claims asserted by D.J. in this case.

This Court eventually dismissed all of D.J.'s claims (Docket #120). D.J. appealed that judgment, the First Circuit affirmed, and the United States Supreme Court denied certiorari. On September 23, 2004, this Court entered a final judgment on the Award (the "*Judgment on the Award*"). The *Judgment on the Award* was transmitted to D.J. by the Clerk of this Court on that same date through two separate electronic notices to D.J.'s counsel at their registered and authorized electronic addresses. Notice of the *Judgment on the Award* thus became effective on September 23, 2004 pursuant to Rule 5.1 of the Rules of this Court. On October 20, 2004, this Court issued an Order on Writ of Execution, copy of which was also transmitted to D.J. as described above. D.J.'s time to appeal from the *Judgment on the Award* expired on October 25, 2004.

On October 26, 2004, Tex-Shield issued a Fed. R. Civ. P. 30(b)(6) Notice of D.J.'s deposition with an accompanying Rule 30(b)(5) document request, expressly stating that the discovery was in aid of execution of judgment. The deposition was scheduled for November 16, 2004. The notice was mailed to D.J.'s local and mainland counsel on or about October 26, 2004 and on October 27, 2004 Tex-Shield filed and mailed an "Informative Motion Regarding Deposition in Aid of Execution of Judgment".

On November 15th, the date prior to the scheduled deposition and 53 days after the *Judgment on the Award* was entered, D.J.'s counsel informed Tex-Shield's counsel that D.J. would not attend the deposition because it intended to file an appeal and a supersedeas bond. See Exhibit 1 hereto.

Tex-Shield is at a loss as to what conceivable basis D.J. could have to appeal a judgment 53 days after its entry, where said judgment was notified on two separate counsel, related orders were issued thereafter, and motions referring to the judgment were served on D.J's counsel more than two weeks ago. In no event, however, is D.J.'s unwillingness to comply with the noticed discovery justified. There is no stay of proceedings. Neither the noticed deposition nor the production of documents will impair D.J.'s rights, and D.J.'s eleventh-hour refusal to comply with this discovery can only be explained as a continuation of its five-year-old strategy of delay.

Tex-Shield therefore requests that this Court issue an urgent order compelling the document production and deposition of D.J. in aid of execution of Judgment, to take place at the offices of the undersigned on or before November 24, 2004. 28 USC §1927 provides for payment of excess costs, expenses and attorneys fees where counsel vexatiously multiples the proceedings. Tex-Shield therefore further requests that all costs and attorneys fees related to this motion and to subsequent collection efforts be imposed on D.J. and/or its counsel.

WHEREFORE, it is respectfully requested that this Court issue an order compelling the deposition of plaintiff D.J. Manufacturing Corporation under Rule 30(b)(6) of the Federal Rules of Civil Procedure and its production of documents

under Rule 30(b)(5) in aid of execution of judgment, to take place at the offices of the undersigned on or before November 24, 2004 beginning at 9:00 AM. Tex-Shield further requests that all costs and attorneys fees related to this motion and to subsequent efforts to collect on the *Judgment on the Award* be imposed on D.J. and/or its counsel.

I hereby certify that on November 18, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of the filing to the following: Eugene F. Hestres, Esq. and Alicia Santos, Esq., Bird, Bird & Hestres, P.O. Box 9023128, San Juan, Puerto Rico 00902-3128; and will separately mail to Marc Lamer, Esq., Kostos & Lamer, P.C., 1608 Walnut Street, Suite 1300, Philadelphia, Pennsylvania 19103.

**s/ Pedro Jiménez**
Pedro Jiménez USDC PR 121912
Attorney for Petitioner/Defendant
U.S. Phone Mfg. Corporation
**Correa, Collazo, Herrero Jiménez & Fortuño**
279 Ponce de León Avenue
Hato Rey, PR 00917
Tel. (787) 754-5000
Fax (787) 754-1927
E-mail: Pedro.Jimenez@lawpr.com
pjime@icepr.com

Daniel M. Abuhoff (of counsel)
Timothy K. Beeken (of counsel)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

Attorneys for Defendant Tex-Shield, Inc.